

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1359-M |
| | § | |
| J.C. PENNEY COMPANY, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss with Prejudice for Failure to Comply with a Court Order and Abuse of Discovery, dated November 4, 2005. The Court **GRANTS** the Motion.

### I. FACTUAL BACKGROUND

Plaintiff Susan Scott brought this action, pro se,[1] in state court on June 7, 2005. Scott alleged that Defendant J.C. Penney Co., Inc. "acting intentionally and with deliberate indifference to State law, [deprived Plaintiff] of rights secured by the Constitution or laws of America". Scott's Petition also referenced the Fair Debt Collection Act.[2] Defendant filed a notice of removal on July 8, 2005.

On July 11, 2005, this Court ordered the parties to confer and provide a Proposed Joint Scheduling Order by August 22, 2005. On August 24, 2005, Defendant submitted a Report, alleging that Plaintiff was unwilling to confer about the Proposed Joint Scheduling Order. On

---

[1] Plaintiff has acted pro se throughout the pendency of the litigation.

[2] "Under the Fair Debt Collection Act, J.C. Penney admits that they [sic] cannot produce a certified copy of a contract or certified copy of any charges."

August 29, 2005, the Court ordered Plaintiff to show cause, in writing, as to why she did not submit a Proposed Scheduling Order. On the same day, Scott filed a Motion to Remand.

On September 6, 2005, Plaintiff responded to the Court's Order dated August 29, 2005. Instead of justifying her nonreponsiveness, Scott wrote:

> The lawyer has made no attempt in calling or writing.
> You're illegally helping the lawyer. Will the lawyer get sanctions?
> Is America turning to be a two class country grudges [sic] and there [sic] friends and the rest of us. [sic]
> Long distant [sic] calls or out mo [sic] money to run up a phone bill.
> I bet this lawyer ask [sic] for Sanctions [sic] to stop us from filing against [sic]

The Court accepted this as a response to the Order dated August 29, 2005. On September 13, 2005, the Court again ordered Plaintiff to file a written report about the contents of a Scheduling Order by September 30, 2005.

On September 29, 2005, the Plaintiff filed a letter with the Court, asking, among other things, that the Court remand the case to state court. The Court denied this request for remand on October 26, 2005. On the same day, the Court entered another Order to Show Cause, instructing that, by November 4, 2005, Plaintiff was required to (1) submit, in writing, an explanation as to why she did not comply with the September 13, 2005, Order of the Court, and (2) file a written report about the contents of a Scheduling Order. Plaintiff did not respond.

## II. STANDARD OF REVIEW

A dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue her claim. *Berry v. Cignarsi-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992). A court may only dismiss with prejudice for failure to prosecute when (1) there is clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Id.* Additionally, a court

should show at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney, (2) actual prejudice to the defendant, or (3) delay caused by intentional conduct. *Id.*

### III. ANALYSIS

#### A. Contumacious Conduct

The Plaintiff has repeatedly disobeyed this Court's orders. The Court has repeatedly either ordered Plaintiff to produce a report concerning a Scheduling Order or to show cause as to why Plaintiff has not done so.[3] In total, Plaintiff has been allowed almost four months to produce a report, and has neither produced the report nor adequately justified her noncompliance. Plaintiff did not ignore the lawsuit altogether; instead of obeying the Court's orders, Plaintiff filed three separate Motions to Disqualify, all of which were denied. Altogether, Plaintiff refused to recognize the jurisdiction of the Court. This is not mere negligence. Such an "obstinate disrespect for the judicial process" evidenced by "stubborn resistance to authority" justifies a dismissal with prejudice. *See McNeal v. Papasan*, 842 F.2d 787, 791-92 (5th Cir. 1988).

#### B. Best Interests of Justice

A dismissal without prejudice will not serve the best interests of justice. If the Court were to dismiss without prejudice, the Court would effectively grant leave for Scott to re-file her case in state court, which is the venue she prefers. It would be an odd jurisprudence that would allow a litigant to return to state court only because she refused to recognize the apparent jurisdiction of the federal court. For the same reason, assessments of fines, costs, or damages will not remedy the situation. The Court will not allow a litigant to buy her way back into state court.

---

[3] The Court has entered such Orders on July 11, 2005; August 29, 2005; September 13, 2005; and October 26, 2005.

As a narrower remedy, the Court has considered enjoining Plaintiff from filing another complaint in state court. Federal courts, however, have limited power to enjoin state court proceedings. *Cf. McFarland v. Scott*, 512 U.S. 849, 857 (1994) ("Federal courts cannot enjoin state-court proceedings unless the intervention is authorized expressly by federal statute or falls under one of two other exceptions to the Anti-Injunction Act.") As a result, the Court will not exercise this option.

The Court finds that there are no lesser sanctions available that will serve the best interests of justice. *See McNeal*, 842 F.2d at 793 (holding that district courts should explicitly determine whether less drastic sanctions could serve the interests of justice.)

### C. Aggravating Factor

The Court finds that Scott has delayed this litigation. She acts pro se, and the delay caused by her refusals to comply with this Court's orders is attributable to her alone. Delay by the Plaintiff supports the Court's decision to dismiss with prejudice. *Berry*, 975 F.2d at 1191.

### IV. CONCLUSION

Because the Court finds contumacious conduct, an aggravating factor, and that no lesser sanctions would serve the best interests of justice, the Court **DISMISSES** Plaintiff's claims with prejudice. *See Dorsey v. Scott Wetzel Servs., Inc.* 84 F.3d 170, 171-72 (5th Cir. 1996) (affirming a dismissal with prejudice based on contumacious conduct and a finding that no lesser sanctions would serve the best interests of justice.)

**SO ORDERED.**

November 16, 2005.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE

# CASE CLOSED

**CASE NUMBER:** _3:05-CV-1359-M_

**DATE:** _11/16/05_

**TRIAL:  YES** \_\_\_\_\_   **NO** _X_